UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C.;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,     **Notice of Motion**
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

                Plaintiffs,      07 Civ. 02876 (LAP)(KNF)

    -against-

ROBERT DOAR, as Commissioner of the
New York City Human Resources
Administration; GLADYS CARRION, as
Commissioner of the New York State Office
of Children & Family Services; DAVID
HANSELL, as Acting Commissioner of the
New York State Office of Temporary &
Disability Assistance; and RICHARD F.
DAINES, as Acting Commissioner of the New
York State Department of Health,

                Defendants.

-----------------------------------------------------------x

      PLEASE TAKE NOTICE, that upon the annexed declarations of JANE GREENGOLD STEVENS, dated April 9, 2007; SUELLEN TOZZI, dated April 4, 2007; SABRINA TAVI, dated April 9, 2007; LINDA GRAVES, dated April 4, 2007; GENEVIEVE C., dated April 2, 2007; MADELAINE ANDREWS, dated April 5, 2007; HELENA ROSS, dated April 1, 2007; MARY B., dated April 6, 2007; JOSEPH KRUMMEL, dated April 6, 2007; SARAH T. GILLMAN, dated April 2, 2007; JUDITH UMAN, dated March 8, 2007; and their attached exhibits; the accompanying Memorandum of Law; and upon all the papers filed and all proceedings had herein, Plaintiffs will move this Court, before the Honorable Loretta A. Preska, at the Daniel

Patrick Moynihan United States Courthouse, located at 500 Pearl Street, New York, New York, Room 12-A, at 10:00 a.m. on May 7, 2007, or as soon thereafter as counsel can be heard, for an Order:

Granting a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure

<u>Regarding Plaintiff BELOVIC</u>

A.   Directing Defendants DOAR, CARRION, and DAINES, within five (5) working days of the date appearing on the Order, to arrange for home care and, in cooperation with other social services resources in the community, all services Plaintiff BELOVIC needs to live safely in the community; and within one (1) working day of the availability of home care and other services, to return Plaintiff BELOVIC to her home;

B.   Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to secure and maintain Plaintiff BELOVIC's eligibility for Section 8 benefits;

C.   Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to apply for and seek the prompt appointment of an Article 81 guardian for Plaintiff BELOVIC;

<u>Regarding Plaintiff GENEVIEVE C.</u>

D.   Directing Defendants DOAR and CARRION, within five (5) working days of the date appearing on the Order, to take all steps necessary to help Plaintiff GENEVIEVE C. avoid eviction and homelessness, such as

2

providing housekeeping services so that she can get a roommate to share in the rent, obtaining a "one-shot" grant to pay her rent arrears, and initiating efforts to help her find an affordable, alternative living situation, and/or any other necessary steps; and to continue taking all reasonable steps to assist her in avoiding eviction and homelessness;

  E. Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to begin to take all steps necessary to assist Plaintiff GENEVIEVE C. to obtain the Social Security Disability ("SSD") and/or Supplemental Security Income ("SSI") benefits to which she is entitled, including, if necessary, seeking appropriate legal services and obtaining supporting documents from her treating doctors; and to continue taking all reasonable steps to assist her in obtaining these benefits.

  F. Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to help Plaintiff GENEVIEVE C. locate a toxicologist and a neurologist who accept Medicaid and who are qualified to treat her illnesses;

  G. Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to help Plaintiff GENEVIEVE C. appeal her Access-A-Ride eligibility restrictions and recent discontinuance;

  H Directing Defendants DOAR, CARRION, and DAINES, within three (3) working days of the date appearing on the Order, to make an application for Medicaid-funded home care for Plaintiff GENEVIEVE C., and within (3)

working days of the application being made, make a determination as to the level and hours of Medicaid-funded home care to which Plaintiff GENEVIEVE C. is entitled, and within three (3) working days of the determination, to arrange for such home care;

### Regarding Plaintiff ANDREWS

Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to initiate efforts to assist Plaintiff ANDREWS to move as soon as possible to an accessible apartment that is not hazardous to her health and well-being, and thereafter to continue taking all reasonable steps to obtain an accessible apartment for her as soon as possible;

Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to help Plaintiff ANDREWS locate doctors to treat her mouth ulcers and cataracts, and arrange for care by such doctors;

K       Directing Defendants DOAR, CARRION, and DAINES, within three (3) working days of the date appearing on the Order, to make a determination on Plaintiff Andrews pending application for Medicaid, and if approved, within three (3) working days of the date of approval, to make an application for Medicaid-funded home care for Plaintiff Andrews, and within (3) working days of the application being made, to make a determination as to the level and hours of Medicaid-funded home care to which Plaintiff Andrews is entitled, and within three (3) working days of the determination, to arrange for such home care;

### Regarding Plaintiff MARY B.

L.  Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to file an appeal of the reduction of Plaintiff MARY B.'s SSI benefits and/or obtain a hardship waiver of the reduction, including, if necessary, locating legal services to pursue the appeal and/or waiver;

M.  Directing Defendants DOAR and CARRION, starting within three (3) working days of the date appearing on the Order, to pay Plaintiff MARY B.'s rent payments every month in a timely fashion;

N.  Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to pay to Plaintiff MARY B. the balance of her SSI benefits that APS has not spent on her rent and has not sent to her for every month since January 1, 2007, and in the future, to pay Ms. B. all SSI benefits that are not spent on her rent every month;

O.  Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to locate for Plaintiff MARY B. a support group and other benefits available to HIV-positive individuals;

### Regarding Plaintiff CURRAN

P.  Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to locate appropriate doctors and arrange for regular treatment of Plaintiff CURRAN's physical and mental disabilities;

Q. Directing Defendants DOAR and CARRION, within three (3) working days of the date appearing on the Order, to take all steps necessary to begin providing services necessary to help Plaintiff CURRAN avoid eviction and homelessness, such as helping her find an affordable, alternative living situation, or any other necessary steps, and to continue taking all necessary steps to assist Plaintiff Curran to avoid eviction and homelessness;

R. Directing Defendants DOAR, CARRION, and DAINES, within three (3) working days of the date appearing on the Order, to make an application for Medicaid-funded home care for Plaintiff CURRAN, and within (3) working days of the application being made, make a determination as to the level and hours of Medicaid-funded home care to which Plaintiff CURRAN is entitled, and within three (3) working days of the determination, to arrange for such home care;

<u>Regarding Plaintiffs BELOVIC, GENEVIEVE C.,
ANDREWS, MARY B., and CURRAN</u>

S. Directing Defendants DOAR, CARRION, and DAINES, within seven (7) working days of the date appearing on the Order, to begin providing Plaintiffs' counsel with a weekly report describing the status of Defendants' compliance with the Order, including a description of all actions taken pursuant to the Order, and to continue providing such reports until all actions to be taken pursuant to the Order have been taken.

II. Certifying this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class defined as:

> All current and future clients of Adult Protective Services
> in New York City who are not receiving or will not receive

       protective services from Adult Protective Services to which they are legally entitled.

   III.    Granting such other and further relief as this Court deems just and proper.

DATED:    April 23, 2007
New York, New York

                         NEW YORK LEGAL ASSISTANCE GROUP
                         YISROEL SCHULMAN, ESQ.

By: _____
Jane Greengold Stevens, of counsel (JS 4790)
Sabrina Tavi, of counsel (ST 2781)
Caroline Hickey, of counsel (CH 1410)
Deborah Berkman, of counsel (DB 8086)
Jason Parkin, of counsel (JP 1919)
450 West 33rd Street, 11th Floor
New York, New York 10001
Tel: (212) 613-5000

Attorneys for Plaintiffs