UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C.;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

                      Plaintiffs,                          07 Civ

      -against-

ROBERT DOAR, as Commissioner of the New
York City Human Resources Administration;
GLADYS CARRION, as Commissioner of the
New York State Office of Children & Family
Services; DAVID HANSELL, as Acting
Commissioner of the New York State Office of
Temporary & Disability Assistance; and
RICHARD F. DAINES, as Acting Commissioner
of the New York State Department of Health,

                      Defendant.

-----------X

### Declaration of Jane Greengold Stevens

Jane Greengold Stevens hereby declares, under penalty of perjury, that:

      I am an attorney duly admitted to practice in the Southern District of New York am the Director of the Special Litigation Unit at the New York Legal Assistance Group ("NYLAG"). As such, I am fully familiar with the facts of this case.

    2.     Defendant Doar's Office of Program Reporting, Analysis & Accountability keeps statistics on, inter alia, the numbers of active APS cases and referrals made to APS cases maintained by his department, Human Resources Administration

3.      Attached hereto as Exhibit A is a copy of "HRA Facts" for January, 2007, showing that in New York City, in December, 2006, there were 6,132 active APS cases, and that there were 5,607 active APS cases in the month of December, 2005

4.      "HRA Facts" for January, 2007, shows that 1,131 new referrals were made to APS in the month of December.

5.      The New York City Mayor's Office of Operations collects and produces statistics on, inter alia, the overall number of referrals to APS in each fiscal year. In the Mayor's Management Report, Supplementary Indicator Tables FY01-07, show that 12,344 referrals were accepted by APS for assessment in fiscal year 2005, and 13,566 referrals were accepted by APS for assessment in fiscal year 2006. http://www.nyc.gov/html/or html/mmr/mmr.shtml

6.      The New York City Independent Budget Office keeps statistics on, inter alia, the number of full-time employees at city agencies. Its "Programmatic Review of the 2007 Preliminary Budget for Human Resources Administration" shows that in FY 2005, there were 380 full-time positions at APS, while in FY 2006 there were 383 full-time positions. http://www.ibo.nyc.ny.us/iboreports/agencyBudgets06/HRA%20Program%20Budget_march06.pdf

In December 2006, the Public Advocate for the City of New York, Betsy Gotbaum, published a report entitled "Unprotected: Adult Protective Services Struggles to Serve Vulnerable Clients." This report examined APS' structure and practices of staffing and of providing protective services to its clients. http://pubadvocate.nyc.gov/policy/documents/UnprotectedAdultProtectiveServicesStrugglestoServeVulnerableClients.pdf

2

8	Ms. Gotbaum's report showed that, when surveyed in 2006, approximately sixty percent of APS caseworkers in New York City had caseloads higher than that recommended by the National Association of Adult Protective Services Administrators 'NAAPSA"). Gotbaum Report, p. 3

9.	Specifically, Ms. Gotbaum's report showed that, as of December 2006, the average caseload for a single APS caseworker in Manhattan is approximately forty-two cases, 68% higher than the twenty-five case limit recommended by NAAPSA. Gotbaum Report, p. 13

10.	Ms. Gotbaum's report also described how the basic core competency requirements for APS staff do not comply with NAAPSA recommended requirements. Gotbaum Report, pp 16-17 and Appendix C.

On March 8, 2007, I visited Ms. Belovic at the Jewish Home and Hospital observed on Ms. Belovic's ankle an anklet with what appeared to be an alarm on it. As I was leaving the Home at the end of my visit, another resident attempted to enter the elevator with me. She was wearing an anklet just like Ms. Belovic's. As soon as the resident entered the elevator, the anklet began to emit a loud electronic beeping noise. Attendants rushed over and prevented the resident from getting into the elevator. I determined, based on that evidence, that Ms. Belovic was wearing an alarm that prevented her from leaving the Home, or even the floor.

12.	Some time in March, 2007, I telephoned and left messages for contacts I have in the office of the General Counsel of New York City Housing Authority ("NYCHA"), asking for information about the status of Ms. Belovic's Section 8 voucher, because Ms. Belovic's landlord had informed my colleague Sabrina Tavi that the landlord had received a notice from Section 8

indicating that Ms. Belovic's subsidy had been terminated in February

3    On April 5, 2007, sent a follow-up e mail to NYCHA, because I had not heard from them

4    Today, April 9, 2007 was informed by NYCHA counsel's office that Ms. Belovic's annual income review was recertified on April 7, 2007  do not know whether this was the result of any action I took or of any actions taken by APS

15    Upon further inquiry was informed by NYCHA that they are trying again to arrange an inspection of Ms. Belovic's apartment, and that they are planning to visit the apartment on Friday, April 13, 2007 unless Ms. Belovic or someone on her behalf contacts them to arrange a different date

16.    It would be a strain on judicial resources, the resources of NY AG and other legal services offices, as well as the resources of Defendants' counsel, to litigate these problems on an individual case-by-case basis. Plaintiffs therefore now seek certification of a class of individuals whose rights have been, are being, and will be violated in ways similar to those described in the Complaint herein

7.    Attached hereto as Exhibit B is the declaration of Suellen Tozzi, as next friend for Named Plaintiff Matilda Belovic, dated April 4, 2007

18.    Attached hereto as Exhibit C is the declaration of Sabrina Tavi, Esq., dated April 9, 2007

19    Attached hereto as Exhibit D is the declaration of Linda Graves dated April 4, 2007

20. Attached hereto as Exhibit E is the declaration of Named Plaintiff Genevieve C. dated April 2, 2007.

21. Attached hereto as Exhibit F is the declaration of Named Plaintiff Madelaine Andrews, dated April 5, 2007.

22. Attached hereto as Exhibit G is the declaration of Helena Ross dated April 1,

23. Attached hereto as Exhibit H is the declaration of Named Plaintiff Mary B., dated April 6, 2007.

24. Attached hereto as Exhibit I is the declaration of Joseph C. Krummel, Esq. dated April 6, 2007.

25. Attached hereto as Exhibit J is the declaration of Sarah T. Gillman as next friend of Named Plaintiff Maureen Curran, dated April 6, 2007.

26. Attached hereto as Exhibit K is the declaration of Judith Uman, dated March 8.

27. No previous request for this relief has been made to any court

Dated: April 9, 2007
New York, New York

Jane Greengold Stevens