Sabrina Tavi hereby affirms, under penalty of perjury, that

I am an attorney duly admitted to the Bars of the State of New York and of the United States District Court for the Southern District of New York   I am of counsel to Yisroel Schulman, Director of the New York Legal Assistance Group, and am one of the attorneys for the plaintiffs in this matter.

2       make this Affirmation in Support of Matilda Belovic's Order to Show Cause for a Preliminary Injunction.

3.      On March 7, 2007, I spoke with Ms. Rezika Turuk, Matilda Belovic's landlord.

4.      Ms. Turuk informed me that the previous week, she had received a letter from Section 8 stating that they had terminated Ms. Belovic's Section 8 subsidy, effective February 22, 2007.

5.      Ms. Turuk further informed me that she called Section 8 and spoke with the caseworker who indicated Section 8 would make one final payment on Ms. Belovic's behalf through the month of March 2007.  Ms. Turuk stated that she received that payment.

6.      Ms. Turuk further informed me that prior to issuing this letter of termination, Section 8 had attempted to inspect Ms. Belovic's apartment on two occasions since Ms. Belovic was admitted to the nursing home on October 17, 2006.

7.      Ms. Turuk stated that in November 2006, a Section 8 worker came to the apartment but given that nobody was home, they were unable to conduct the inspection

8.  Ms. Turuk stated that in January 2007, she received a letter from Section 8 stating that they wished to inspect the apartment. Ms. Turuk informed me that she faxed this letter to Ms. Belovic's APS caseworker Mr. Emmanuel Nwabuzo. In addition, Ms. Turuk called Mr. Nwabuzo to provide him with the date of the inspection so APS could let Section 8 into the apartment to conduct the investigation. Mr. Nwabuzo told Ms. Turuk that he'd take care of Section 8.

9.  Ms. Turuk informed me that in February 2007, she called Mr. Nwabuzo because the check for Matilda's rent was late. Ms. Turuk informed Mr. Nwabuzo that it was her understanding that Matilda was coming home. In response, Mr. Nwabuzo said, "Oh really, well we're working on her not coming home.

10.  On April 3, 2007, I spoke with Ms. Turuk regarding the status of Ms. Belovic's apartment. Ms. Turuk informed me that she had recently received a letter from Section 8 stating they were terminating Ms. Belovic's lease because she had not returned from the nursing home.

1   Ms. Turuk stated that she had called Section 8 and explained to the caseworker that Ms. Belovic will be returning home. The Section 8 caseworker agreed to extend the lease and made another payment to cover Ms. Belovic's rent for the month of April 2007.

12  Plaintiffs' counsel has been in contact with the Office of Legal Affairs ("OLA") for the Human Resources Administration ("HRA") over the last several months inquiring about the status of Ms. Belovic's Article 81 guardianship application.

3. On April 9, 2007, received a telephone call from Hal Hodes who identified himself as an attorney with OLA, recently assigned to work on Ms. Belovic's guardianship application.

14. Mr. Hodes stated that the application for an Article 81 guardian on Ms. Belovic's behalf had not yet been filed with Bronx Supreme Court. This was a surprise because previously another OLA attorney had informed my colleague, Caroline Hickey, that the application had in fact been filed in March 2007.

WHEREFORE, I respectfully request that this Court grant the Order to Show Cause for a Preliminary Injunction directing the Defendants to promptly provide or ensure the provision of the services needed to return Matilda Belovic to her home in a safe situation.

*Sabrina Tavi*
Sabrina Tavi

Dated: April 9, 2007
    New York, New York