UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C.;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,                     **ANSWER BY**
        Plaintiffs,                                 **STATE DEFENDANTS**

    -against-

ROBERT DOAR, as Commissioner of the New                      07 civ 02876 (LAP)
York City Human Resources Administration;
GLADYS CARRION, as Commissioner of the
New York State Office of Children &
Family Services; DAVID HANSELL, as
Acting Commissioner of the New York
State Office of Temporary & Disability
Assistance; and RICHARD F. DAINES, as
Acting Commissioner of the New York
State Department of Health,

        Defendants.

------------------------------------------------------------------X

      David Hansell, as Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA"), Richard F. Daines, M.D., as Commissioner of the New York State Department of Health ("DOH") and Gladys Carrión, as Commissioner of the New York State Office of Children and Family Services ("OCFS"), collectively the "State defendants", by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, hereby answer the Complaint dated April 10, 2007 ("Complaint"), as follows:

      1. No response is required to paragraph 1 of the Complaint as the paragraph purportedly describes the nature of this action. To the extent any response is deemed required, deny that this

1

action can be maintained against State defendants pursuant to 42 U.S.C. §12132 et seq., 29 U.S.C. § 794 et seq., and 42 U.S.C. § 1983.

2. No response is required to paragraphs 2-5 of the Complaint as the paragraphs purportedly describe the nature of plaintiffs' challenges and contentions herein.  To the extent any response is deemed required, deny the allegations made therein.

3. With respect to paragraph 6 of the Complaint, as to the State defendants, supplemental jurisdiction is denied. As to the second sentence of paragraph 6, no response is required to this sentence as the second sentence of paragraph 6 purportedly describes the nature of plaintiffs' challenges and contentions herein.  To the extent any response is deemed required, deny that plaintiffs are entitled to any such relief against State defendants.

4. No response is required to paragraph 7 of the Complaint except admit that this action purports to be venued pursuant to 28 U.S.C. § 1391(b).

5.  With respect to paragraphs 8-12 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

6.  State defendants admit the first and third sentences of paragraph 13 of the Complaint. With respect to the second sentence of paragraph 13 of the Complaint, State defendants refer the Court to the applicable statutes and regulations to determine the duties of Commissioner Doar and otherwise deny the allegations insofar as they pertain to State defendants.

7.  With respect to paragraph 14 of the Complaint, admit that Gladys Carrión is Commissioner of OCFS and that she maintains an office at 52 Washington Street, Rensselaer, New York. The Court is respectfully referred  to the applicable sections of the New York Social

Services Law and Executive Law and New York State Code of Rules and Regulations for a description of Commissioner Carrión's duties and responsibilities.

8. With respect to paragraph 15 of the Complaint, admit that David Hansell is Commissioner of OTDA( having been the Acting Commissioner of OTDA prior thereto), and that he maintains an office at 40 North Pearl Street, Albany, New York. The Court is respectfully referred to the applicable sections of the New York Social Services Law and Executive Law and New York State Code of Rules and Regulations for a description of Commissioner Hansell's duties and responsibilities.

9. With respect to paragraph 16 of the Complaint, admit that Richard F. Daines, M.D., is Commissioner of DOH (having been the Acting Commissioner of DOH prior thereto), and that he maintains an office at Corning Tower, Empire State Plaza, Albany, New York. State defendants deny that Commissioner Daines administers the federal and State Medicaid programs but affirmatively aver that Commissioner Daines enforces the medical assistance program of the State of New York pursuant to Title Eleven of the Social Services Law which provides that DOH supervises the administration of the medical assistance program in accord with the Social Services Law and the New York State Public Health Law.

10. With respect to paragraph 17 of the Complaint, no response is required thereto as the paragraph purportedly describes the nature of the class plaintiffs purportedly represent. To the extent any response is deemed required, deny the allegations.

11. With respect to the first and second sentences of paragraphs 18 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein and deny, upon information and belief, the allegations

of the third sentence of paragraph 18.

12.  With respect to paragraph 19 of the Complaint, State defendants deny the allegations.

13. With respect to paragraph 20-21 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

14. With respect to paragraph 22 of the Complaint, deny the allegations made therein.

15. With respect to paragraph 23 of the Complaint, State defendants deny the allegations made therein.

16. With respect to paragraphs 24-38 of the Complaint, deny the applicability of the cited statutes and regulations to the allegations and  respectfully refer the Court to the cited statutes and regulations and deny any characterizations given thereto by plaintiffs.

17.  Deny the allegations made in paragraph 39 and the Court is respectfully referred to the cited statute for the best statement of its content and meaning .

18. With respect to paragraph 40 of the Complaint, OCFS admits that it receives federal funding as stated and the Court is respectfully referred to the cited statute for the best statement of its content and meaning .

19. With respect to paragraph 41 of the Complaint, OCFS admits the allegations therein, and OTDA and DOH  deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

20. With respect to paragraphs 42-52  of the Complaint, the Court is respectfully referred to the cited statutes and regulations and deny any characterizations given thereto by plaintiffs.

21. With respect to paragraph 53 of the Complaint, the Court is respectfully referred to

the cited statutes and deny any characterizations given thereto by plaintiffs including but not limited to that DOH administers the Medicaid program.

22. With respect to paragraph 54 of the Complaint, the Court is respectfully referred to the cited statutes and deny any characterizations given thereto by plaintiffs including but not limited to that DOH administers the Medicaid program.

23. With respect to paragraph 55 of the Complaint, the Court is respectfully referred to the cited statutes and deny any characterizations given thereto by plaintiffs including but not limited to that HRA is the agent of DOH as HRA administers the Medicaid program.

24. With respect to paragraph 56 of the Complaint, deny plaintiffs' characterization of DOH's legal liability for HRA and respectfully refer the Court to the cited statutes for the best statement of their content and deny any characterizations given thereto by plaintiffs.

25. With respect to paragraphs 57 of the Complaint, the Court is respectfully referred to the cited statutes and denies any characterization alleged by plaintiffs.

26. With respect to paragraph 58 of the Complaint, DOH denies the allegations therein and OTDA and OCFS deny sufficient information to form a belief as to the truth or accuracy of the allegations.

27. With respect to the first sentence of paragraph 59 of the Complaint, DOH admits the allegations and OTDA and OCFS deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations. With respect to the second sentence of paragraph 59, the Court is respectfully referred to the cited regulation and deny any characterization alleged by plaintiffs.

28. With respect to paragraphs 60 and 62 of the Complaint, the Court is respectfully

referred to the cited statutes and regulations for the best statement of their content and meaning and deny any characterizations given thereto by plaintiffs.

29. With respect to paragraph 61 of the Complaint, DOH denies the portion of the third sentence that alleges that DOH contracts with CHHA's and with respect to the remainder of paragraph 61, DOH denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein. With respect to paragraph 61 of the Complaint, OCFS and OTDA deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein. The Court is respectfully referred to the cited regulation for the best statement of its content and meaning and deny any characterizations given thereto by plaintiffs.

30. With respect to paragraph 63 of the Complaint, deny that the cited regulation applies to the allegation.

31. With respect to paragraphs 64-68 of the Complaint, the Court is respectfully referred to the cited statutes and regulations for the best statement of their content and meaning and deny any characterizations given thereto by plaintiffs.

32. With respect to paragraph 69 of the Complaint, admit the allegations therein.

33. With respect to paragraphs 70-75 of the Complaint, deny the characterizations and applicability of the cited provisions, respectfully refer the Court to the cited Constitutions, statutes and regulations for the best statement of their content and meaning.

34. With respect to paragraphs 76-216 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein except:

      a. With respect to paragraph 88 of the Complaint, OTDA, on present information, admits that plaintiff Belovic's Food Stamps were terminated in July, 2006, but denies sufficient information to form a belief of the remainder of the allegations in the paragraph;

      b. With respect to paragraph 179 of the Complaint, OTDA, on present information, denies that plaintiff Mary B's Food Stamps application was denied initially but denies sufficient information to form a belief of the remainder of the allegations in the paragraph;

      c. With respect to paragraph 183 of the Complaint, OTDA, on present information, admits that plaintiff Mary B receives Food Stamps in the amount of $13.00 per month but denies sufficient information to form a belief of the remainder of the allegations in the paragraph;

      d. With respect to paragraph 187 of the Complaint, OTDA, on present information, admits that plaintiff Curran receives Food Stamps but in the amount of $157.00 per month, rather than the amount of $152.00 per month and denies sufficient information to form a belief of the remainder of the allegations in the paragraph;

35. With respect to paragraph 217 of the Complaint, OCFS admits the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

36. With respect to paragraph 218 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

37. With respect to paragraph 219 of the Complaint, State defendants deny knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

38. With respect to paragraphs 220-221 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

39., With respect to paragraphs 222-228 of the Complaint deny that any response is required because they contains conclusions of law, but to the extent a response is required, deny the allegations.

40. With respect to paragraphs 229-230 of the Complaint, OCFS denies, on information and belief, the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

41. With respect to paragraphs 231-232 of the Complaint, OCFS denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

42. With respect to paragraph 233 of the Complaint, OCFS, on information and belief, denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

43. With respect to paragraph 234 of the Complaint, OCFS denies the allegations therein, and  OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

44. With respect to paragraph 235 of the Complaint, OCFS denies the allegations therein as to Commissioner Carrión, denies, on information and belief, the allegations therein as to Commissioner Doar  and OTDA and DOH deny knowledge or information sufficient to form a

belief as to the truth or accuracy of the allegations made therein.

    45. With respect to paragraphs 236-237 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    46. With respect to paragraph 238 of the Complaint, OCFS denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    47. With respect to paragraph 239 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    48. With respect to paragraph 240 of the Complaint, State defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    49. With respect to paragraphs 241-242 of the Complaint, OCFS, on information and belief denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    50. With respect to paragraphs 243-244 of the Complaint, OCFS denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    51. With respect to paragraph 245 of the Complaint, OCFS, on information and belief, denies the allegations therein, . With respect to paragraph 245 of the Complaint, OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

    52. With respect to paragraph 246 of the Complaint, OCFS denies the allegations therein, and denies knowledge or information sufficient to form a belief as to the truth or accuracy of the

allegations made therein regarding the reasons for APS clients' actions. With respect to paragraph 246 of the Complaint, OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

53. With respect to paragraph 247 of the Complaint, OCFS, on information and belief, denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

54. With respect to paragraphs 248-259 of the Complaint, OCFS denies the allegations therein, and  OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

55. With respect to paragraph 260 of the complaint, deny the allegations therein.

56.  With respect to paragraphs 261-264 of the Complaint, OCFS denies the allegations therein, and OTDA and DOH deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made therein.

## **AFFIRMATIVE DEFENSES**

1.	The complaint fails to state a claim upon which relief can be granted against State defendants.

2.	The Eleventh Amendment to the United States Constitution and state sovereignty bars plaintiffs' claims against the State defendants in whole and part.

3.	Plaintiffs lack standing to maintain their supervisory claims against the State defendants.

4.	Plaintiffs lack a private right of action under the federal food stamp or Medicaid statutes and regulations to maintain their supervisory claims against the State defendants.

WHEREFORE State defendants request that this Court dismiss this action as against the State defendants.

Dated: New York, New York
July 27, 2007

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants Carrión,
Hansell, and Daines

By:     S/
Ivan B. Rubin
George Alvarez
Assistant Attorneys General
120 Broadway
New York, New York 10271
(212) 416-6046