UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MATILDA BELOVIC, by her next friend, SUELLEN
TOZZI; GENEVIEVE C.; MADELAINE ANDREWS;
MARY B.; and MAUREEN CURRAN, by her next
friend, SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

                                        Plaintiffs,

                    -against-

ROBERT DOAR, as Commissioner of the New York
City Human Resources Administration; GLADYS
CARRION, as Commissioner of the New York State
Office of Children & Family Services; DAVID
HANSELL, as Acting Commissioner of the New York
State Office of Temporary & Disability Assistance; and
RICHARD F. DAINES, as Acting Commissioner of the
New York State Department of Health,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CIV 2876
(LAP)(KNF)

*ecf filing*

        Defendant Robert Doar, as Commissioner of the New York City Human

Resources Administration ("City Defendant"), by his attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for his Answer to the Complaint, respectfully alleges as

follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits plaintiffs purport to proceed as described therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits plaintiffs purport to proceed as described therein, and respectfully refers the Court to the

statutes and regulations cited therein for a complete and accurate statement of their contents.

3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits plaintiffs purport to proceed as described therein.

4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits plaintiffs purport to proceed as described therein.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits plaintiffs assert jurisdiction under the statutes cited therein.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits plaintiffs assert jurisdiction under the statutes cited therein.

7.      Denies the allegations set forth in paragraph "7" of the complaint, except admits plaintiffs seek to lay venue under the statutes cited therein.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits Matilda Belovic is 94 years old, resides alone in the Bronx, reports she is a Holocaust survivor, and has been a client of APS since 2004; and affirmatively states that Ms. Belovic was discharged from the Jewish Home and Hospital on May 9, 2007.

9.      Admits the allegations set forth in paragraph "9" of the complaint.

10.      Admits the allegations set forth in paragraph "10" of the complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits Mary B. is a 61-year old woman, residing in Manhattan, who has been an APS client since 2005.

12.      Admits the allegations set forth in paragraph "12" of the complaint.

13.      Denies the allegations set forth in paragraph "13" of the complaint, except admits Robert Doar is Commissioner of New York City Human Resources Administration and

that he maintains an office at 180 Water Street, New York, N.Y., and respectfully refers the Court to the <u>New York City Charter,</u> Ch. 24, §§ 601, 603 for a complete and accurate statement of his responsibilities.

14.    The allegations in paragraph "14" of the complaint refer solely to the New York State defendants; accordingly, the City Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

15.    The allegations in paragraph "15" of the complaint refer solely to the New York state defendants; accordingly, the City Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

16.    The allegations in paragraph "16" of the complaint refer solely to the New York State defendants; accordingly, the City Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

17.    Denies the allegations set forth in paragraph "17" of the complaint, except admits plaintiffs purport to proceed as set forth therein.

18.    Denies the allegations set forth in paragraph "18" of the complaint, except admits that there were approximately 6,132 active APS cases in January, 2007, and that there were approximately 1,131 referrals to APS during that month.

19.    Denies the allegations set forth in paragraph "19" of the complaint, and respectfully refers the Court to the statutes, regulations and constitutions cited for a complete and accurate statement of their contents.

20.    Denies the allegations set forth in paragraph "20" of the complaint, except admits that  the named plaintiffs are clients of APS.

21.     Denies the allegations set forth in paragraph "21" of the complaint, except denies knowledge or information about the qualifications and experience of plaintiffs' counsel, and admits that plaintiffs are represented by counsel.

22.     Denies the allegations set forth in paragraph "22" of the complaint.

23.     Denies the allegations set forth in paragraph "23" of the complaint

24.     Denies the allegations set forth in paragraph "24" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

25.     Denies the allegations set forth in paragraph "25" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

26.     Denies the allegations set forth in paragraph "26" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

27.     Denies the allegations set forth in paragraph "27" of the complaint, and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

28.     Denies the allegations set forth in paragraph "28" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

29.     Denies the allegations set forth in paragraph "29" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

30.     Denies the allegations set forth in paragraph "30" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

31.     Denies the allegations set forth in paragraph "31" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

32.     Denies the allegations set forth in paragraph "32" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

33.     Denies the allegations set forth in paragraph "33" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

34.     Denies the allegations set forth in paragraph "34" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

35.     Denies the allegations set forth in paragraph "35" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

36.     Denies the allegations set forth in paragraph "36" of the complaint, and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

37.     Denies the allegations set forth in paragraph "37" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

38.     Denies the allegations set forth in paragraph "38" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

39.     Denies the allegations set forth in paragraph "39" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

40.     Denies the allegations set forth in paragraph "40" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

41.     Admits the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

43.     Denies the allegations set forth in paragraph "43" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

44.     Denies the allegations set forth in paragraph "44" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of  its contents.

45.     Denies the allegations set forth in paragraph "45" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

46.     Denies the allegations set forth in paragraph "46" of the complaint, and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

47.     Denies the allegations set forth in paragraph "47" of the complaint, and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

48.     Denies the allegations set forth in paragraph "48" of the complaint, and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

49.     Denies the allegations set forth in paragraph "49" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

50.     Denies the allegations set forth in paragraph "50" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

51.     Denies the allegations set forth in paragraph "51" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

52.     Denies the allegations set forth in paragraph "52" of the complaint, and respectfully refers the Court to the statutes and regulations cited for a complete and accurate statement of their contents.

53.     Denies the allegations set forth in paragraph "53" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

54.     Denies the allegations set forth in paragraph "54" of the complaint, and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

55.     Denies the allegations set forth in paragraph "55" of the complaint, and respectfully refers the Court to the statute and regulation cited for a complete and accurate statement of their contents.

56.     Denies the allegations set forth in paragraph "56" of the complaint, and respectfully refers the Court to the statutes and regulations cited for a complete and accurate statement of their contents.

57.     Denies the allegations set forth in paragraph "57" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

58.     Denies the allegations set forth in paragraph "58" of the complaint.

59.     Denies the allegations set forth in paragraph "59" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

60.     Denies the allegations set forth in paragraph "60" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

61.     Denies the allegations set forth in paragraph "61" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

62.     Denies the allegations set forth in paragraph "62" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

63.     Denies the allegations set forth in paragraph "63" of the complaint, and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

64.     Denies the allegations set forth in paragraph "64" of the complaint, and respectfully refers the Court to the statute and regulation cited for a complete and accurate statement of their contents.

65.     Denies the allegations set forth in paragraph "65" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

66.     Denies the allegations set forth in paragraph "66" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

67.     Denies the allegations set forth in paragraph "67" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

68.     Denies the allegations set forth in paragraph "68" of the complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

69.     Admits the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint, and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

71.     Paragraph "71" of the complaint draws a conclusion of law; to the extent a response is required, the City defendant denies the allegations therein and respectfully refers the Court to the regulations cited for a complete and accurate statement of their contents.

72.     Denies the allegations set forth in paragraph "72" of the complaint and respectfully refers the Court to the regulation cited for a complete and accurate statement of its contents.

73.     Denies the allegations set forth in paragraph "73" of the complaint, and respectfully refers the Court to the Article of the New York State Constitution cited for a complete and accurate statement of its contents.

74.     Denies the allegations set forth in paragraph "74" of the complaint, and respectfully refers the Court to the Article of the New York State Constitution cited for a complete and accurate statement of its contents.

75.    Denies the allegations set forth in paragraph "75" of the complaint, and respectfully refers the Court to the Amendment to the United States Constitution cited for a complete and accurate statement of its contents.

76.    Denies the allegations set forth in paragraph "76" of the complaint, except admits Matilda Belovic is a 94-year-old single woman and affirmatively states she temporarily resided in a nursing home from October 17, 2006 to May 9, 2007.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint, and affirmatively states that Ms. Belovic has been diagnosed with dementia NOS, cardiac arrhythmia, hypertension and arthritis.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint., except affirmatively states that Ms. Belovic receives seventy hours per week of home care services.

81.    Admits the allegations set forth in paragraph "81" of the complaint, and affirmatively states that Ms. Belovic returned to her residence when she was discharged from the nursing home on May 9, 2007.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint, except admits Ms. Belovic received supportive services from community providers.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint, except admits Ms. Belovic had difficulties managing her finances, and affirmatively states that Ms. Belovic was referred to APS on October 28, 2004 by Bronx Jewish Community Council, a community service provider.

84.     Denies the allegations set forth in paragraph "84" of the complaint and affirmatively states that APS referred Ms. Belovic for financial management services in May, 2005.

85.     Denies the allegations set forth in paragraph "85" of the complaint, except admits that APS provided financial management services to Ms. Belovic.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     Denies the allegations set forth in paragraph "87" of the complaint.

88.     Denies the allegations set forth in paragraph "88" of the complaint, and affirmatively states that Ms. Belovic's  Food Stamp benefits were restored in April, 2007.

89.     Denies the allegations set forth in paragraph "89" of the complaint, except denies knowledge or information sufficient to form a belief as to what BJCC purportedly attempted to do.

90.     Denies the allegations set forth in paragraph "90" of the complaint, except admits an APS caseworker visited Ms. Belovic on October 16, 2006.

91.     Denies the allegations set forth in paragraph "91" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Ms. Belovic's understanding was, and admits Ms. Belovic was admitted to Fieldston Lodge Nursing Home on October 17, 2006.

92.     Denies the allegations set forth in paragraph "92" of the complaint.

93.     Denies the allegations set forth in paragraph "93" of the complaint, except admits that APS did not consult with the service provider Bronx Jewish Community Council regarding the decision to place Ms. Belovic in a nursing home beforehand and affirmatively states that APS did subsequently inform the service provider of the placement.

94.     Denies the allegations set forth in paragraph "94" of the complaint .

95.     Denies the allegations set forth in paragraph "95" of the complaint, except admits Fieldston Lodge staff determined that Ms. Belovic was competent to decide to live in the community and affirmatively states that APS worked with Fieldston Lodge on the discharge plan.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint, except admits Home Care and Visiting Nurse Services were discontinued during Ms. Belovic's nursing home stay.

97.     Denies the allegations set forth in paragraph "97" of the complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint, except admits Ms. Belovic was discharged from Fieldston Lodge Nursing Home to Jewish Home and Hospital in December, 2006, and affirmatively states that Ms. Belovic was discharged from the Jewish Home and Hospital on May 9, 2007.

99.     Denies the allegations set forth in paragraph "99" of the complaint, except admits the discharge plan from Jewish Home and Hospital included returning Ms. Belovic to her home with increased home care and an Article 81 guardian.

100.    Denies the allegations set forth in paragraph "100" of the complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint, and affirmatively states that Ms. Belovic was discharged from the nursing home to her apartment on May 9, 2007 with a home care service plan in place.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint, except admits that Jewish Home and Hospital submitted a home care application to HRA, and affirmatively states that Ms. Belovic was discharged from the nursing home to her apartment on May 9, 2007 with a home care service plan in place.

103.    Denies the allegations set forth in paragraph "103" of the complaint.

104.    Denies the allegations set forth in paragraph "104" of the complaint.

105.    Denies the allegations set forth in paragraph "105" of the complaint, and affirmatively states that APS applied for an Article 81 guardian for Ms. Belovic on April 23, 2007.

106.    Denies the allegations set forth in paragraph "106" of the complaint, and affirmatively states that Ms. Belovic was discharged from the nursing home on May 9, 2007 with a home care service plan in place.

107.    Denies the allegations set forth in paragraph "107" of the complaint, and affirmatively states that Ms. Belovic was returned to her home on May 9, 2007 with a home care service plan in place.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint, except admits that Ms. Belovic receives a Section 8 rental subsidy through the New York City Housing Authority (NYCHA).

109.   Denies the allegations set forth in paragraph "109" of the complaint, except admits that prior to October, 2006, Ms. Belovic experienced problems with her Section 8 voucher, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what BJCC attempted to do, and affirmatively states that once APS was informed of this issue, APS staff submitted a Section 8 renewal application on Ms. Belovic's behalf.

110.   Denies the allegations set forth in paragraph "110" of the complaint.

111.   Denies the allegations set forth in paragraph "111" of the complaint, except admits that APS continued financial management services for Ms. Belovic, and paid her rent and utilities during the period in which she resided in nursing homes.

112.   Denies the allegations set forth in paragraph "112" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any communication between Ms. Turuk and "Section 8," and affirmatively states that APS submitted an application to maintain Ms. Belovic's Section 8 benefits on April 2, 2007.

113.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint, and affirmatively states that NYCHA inspected Ms. Belovic's apartment on May 18, 2007 subsequent to a heavy duty cleaning arranged by APS.

114.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint and affirmatively states that NYCHA staff inspected Ms. Belovic's apartment on May 18, 2007.

115. Denies the allegations set forth in paragraph "115" of the complaint, and affirmatively states that APS worked with the landlord and NYCHA to arrange the inspection, and that Ms. Belovic's apartment was inspected on May 18, 2007.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint and affirmatively states that APS filed an application to maintain Ms. Belovic's Section 8 benefits on April 2, 2007.

117. Denies the allegations set forth in paragraph "117" of the complaint, and affirmatively states that APS filed an application to maintain Ms. Belovic's Section 8 benefits on April 2, 2007.

118. Denies the allegations set forth in paragraph "118" of the complaint, and affirmatively states that NYCHA inspected Ms. Belovic's apartment on May 18, 2007.

119. Admits the allegations set forth in paragraph "119" of the complaint.

120. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint, except admits that Ms. C. is an APS client, and affirmatively states that she was referred to APS on November 16, 2006.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint, except admits that Ms. C. receives $137 per month in public assistance and approximately $155 per month in Food Stamps, and that her monthly rental is $607 per month, of which $215 is subsidized by public assistance.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the complaint, and affirmatively states that Ms. C. receives some support from her mother.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the complaint, and affirmatively states that Ms. C. has reported to APS that she suffers from toxic neuropathy, myasthenia gravis, Sjogren's disease, spinal degeneration, asthma, chronic lung infections, pancreatic and liver problems, chronic fatigue and heavy metal poisoning, and that she has a primary care physician.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint, except admits that Ms. C. reported to her caseworker that exerting herself is difficult and painful, and affirmatively states that Ms. C. continues to refuse the offered service of a heavy duty cleaning of her apartment, a necessary precondition for Ms. C.  to be referred for home care services.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint except admits that Ms. C. has specifically requested help only for carrying groceries and affirmatively states that Ms. C does not appear to need assistance with self-care, and that she has refused the offered service of a heavy duty cleaning of her apartment.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the complaint, except affirmatively states that Ms. C. does not present as confused or disoriented during visits by her APS caseworker.

128.    Denies the allegations set forth in paragraph "128" of the complaint and affirmatively states that Ms. C. informed her APS caseworker on July 13, 2007 that her application for SSD was approved retroactively effective to July, 2005.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the complaint, except admits that the condition of Ms. C.'s apartment precludes the possibility of having a roommate to share the rent.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "130" of the complaint as to what Ms. C. has heard or is feeling, admits Ms. C. owes over $4000 in rent arrears, and affirmatively states that there is no eviction proceeding pending against Ms. C.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the complaint, except admits Ms. C. called APS on October 16, 2006.

132.    Denies the allegations set forth in paragraph "132" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to when Ms. C. received a "Notice of Eligibility Determination," and affirmatively states that the APS intake evaluation, recommending acceptance, was completed on November 16, 2006, and attempted home visits by APS commenced on November 20, 2007.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the  allegations set forth in paragraph "133" of the complaint as to when and what Ms. C. said to an APS caseworker, and affirmatively states that Ms. C. continues to refuse APS' offered service of heavy duty cleaning (essential for obtaining home care services and finding a roommate to assist with the rent); that payment of back rent cannot take place until Ms. C. has the resources to pay her monthly rent; that she has been approved for SSD; and that APS arranged for payment of utility bills and for appeal of her Access-a-Ride limitations.

134.    Denies the allegations set forth in paragraph "134" of the complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the complaint, except admits Ms. C. applied for SSD and Section 8 benefits and affirmatively states that her SSD application was approved in July, 2007.

136.    Denies the allegations set forth in paragraph "136" of the complaint, except admits two APS caseworkers visited Ms. C. on March 29, 2007, one of whom was the newly assigned worker.

137.    Denies the allegations in paragraph "137" of the complaint except admits that Ms. C. told the caseworkers that she needed financial assistance.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" the complaint and affirmatively states that APS has assisted Ms. C. with her Access-a-Ride benefits.

139.    Denies the allegations set forth in paragraph "139" of the complaint, and affirmatively states that Ms. C. continues to refuse the heavy duty cleaning service offered by APS.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" the complaint, and affirmatively states that APS has been in contact with Ms. C.'s primary care physician and that APS does not make referrals to medical specialists.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141"of the complaint as to Ms. C.'s state of mind, except admits that Ms. C. owes over $4,000 in rent arrears.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the complaint as to Ms. C.'s state of mind and what she may need at some point in the future.

143.    Denies the allegations set forth in paragraph "143" of the complaint.

144.    Denies the allegations set forth in paragraph "144" of the complaint, except admits that Ms. Andrews is an 85 year old woman who lives alone in a 4th floor walk up apartment and affirmatively states that Ms. Andrews receives a Section 8 subsidy for the rent .

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint, and affirmatively states that Ms. Andrews' APS case record indicates that she has heart disease, diabetes, arthritis, and delusional disorder.

146.    Denies the allegations set forth in paragraph "146" the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Andrews inability to perform many of the functions of daily life, and affirmatively states that Ms. Andrews consistently refuses to accept 20 hours of approved weekly home care in addition to the eight hours she does receive each week.

147.    Denies the allegations set forth in paragraph "147" the complaint, and affirmatively states that Ms. Andrews has been approved for 28 hours of home health aid services per week, but will only permit homecare four days a week, two hours per day, and refuses the additional approved hours of homecare.

148.    Denies  the allegations set forth in paragraph "148" of the complaint, except admits Ms. Andrews receives free meals from Meals on Wheels and affirmatively states

that she receives $1067.50 per month in Social Security benefits, with a Medicare Premium of $93.50 per month.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the complaint, except admits that Ms. Andrews was hospitalized in August, 2006 and March, 2007.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the complaint, and affirmatively states that Ms. Andrews was referred to APS on August 29, 2006, that an APS worker visited Ms. Andrews at her home on September 1, 2006, completed an initial assessment and developed a service plan which included a psychiatric evaluation, ETP Medicaid application, physician's visit, home care services and Article 81 guardianship application.

151.    Denies the allegations set forth in paragraph "151" of the complaint, except admits that the APS caseworker discussed Medicaid with Ms. Andrews during the September 1, 2006 home visit, and affirmatively states that Ms. Andrews' APS service plan included a Medicaid application and home care, and that a Medicaid referral for home care was submitted on March 3, 2007.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "152" of the complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint, except admits the case was transferred to a new APS worker in September, 2006.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the complaint, except admits that an APS

caseworker visited Ms. Andrews during this time period and affirmatively states that APS actively explored alternative housing with Ms. Andrews, and submitted a Medicaid referral for home care on March 3, 2007.

155.     Denies the allegations set forth in paragraph "155" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding calls made by Ms. Ross, and affirmatively states that Ms. Andrews is receiving Medicaid benefits as of March, 2007.

156.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the complaint and affirmatively states that Ms. Andrews was admitted to DeWitt nursing home from April 3, 2007 to May 18, 2007, following a hospitalization on April 1, 2007.

157.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint and affirmatively states that Ms. Andrews receives 6 hours per week of home care services since her discharge from DeWitt and refuses the additional 20 hours recommended in her discharge plan.

158.     Denies the allegations set forth in paragraph "158" of the complaint.

159.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the complaint, except admits that Mary B. is 61 years old and lives in Manhattan, and affirmatively states that her mentally disabled adult son is no longer on the lease of her apartment.

160.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the complaint and affirmatively states that APS

records indicate Ms. B. suffers from schizophrenia, NIBPM, asthma, cardiac disease, HTN, arthritis, migraine headaches and ulcers; she has had two strokes and an Myocardial infarction.

161.    Admits the allegations set forth in paragraph "161" of the complaint that Ms. B is HIV-positive and is currently being treated for this condition, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Ms. B's "proceeding anonymously."

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the complaint, except admits Ms. B. suffered two strokes.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the complaint, except admits Ms. B. receives home care to assist her with activities of daily living.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the complaint regarding communications between an unidentified APS employee and Ms. B.'s son, and affirmatively states that Ms. B was referred to APS by NYLAG on December 23, 2005, because of potential eviction, and that APS determined she was eligible for services including psychiatric evaluation, a guardian *ad litem* referral, emergency financial assistance and financial management.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the complaint regarding specific statements made by ACS employees, except admits APS workers visited Ms. B. at home, and affirmatively states that, early in 2006, APS informed Ms. B that payment of her rent arrears was approved.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the complaint regarding  specific statements made by an APS employee, and affirmatively states that APS obtained a waiver of the deductions from Ms. B's SSI check, applied for Food Stamps on her behalf in June, 2007, and that Ms. B regularly attends HIV counseling services and has asked her APS worker for assistance in locating additional services available to HIV positive individuals.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the complaint.

168.    Denies the allegations set forth in paragraph "168" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what an APS employee promised, and affirmatively states that APS, through its Financial Management Unit, pays Ms B's monthly rent.

169.    Denies the allegations set forth in paragraph "169" of the complaint, except admits NYCHA erroneously sent non-payment letters to Ms B.

170.    Denies the allegations set forth in paragraph "170" of the complaint, except admits Ms. B erroneously received an eviction notice from NYCHA.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the complaint.

172.    Denies the allegations set forth in paragraph "172" of the complaint and affirmatively states that APS has paid Ms B.'s monthly rent through its Financial Management Unit since the summer of 2006..

173.    Denies the allegations set forth in paragraph "173" of the complaint, except denies knowledge or information sufficient to form a belief as to Ms. B.'s state of mind, and affirmatively states that APS pays Ms. B.'s monthly rent on a timely basis.

174.    Denies the allegations set forth in paragraph "174" of the complaint, except admits that NYCHA discontinued a Housing Court proceeding against Ms. B when APS arranged for payment of the rent arrears.

175.    Denies the allegations set forth in paragraph "175" of the complaint, except denies knowledge or information sufficient to form a belief regarding the truth of the allegations regarding a termination of tenancy proceeding by NYCHA, or Ms. B.'s contacts with Mr. Krummel, and affirmatively states that APS pays Ms. B.'s monthly rent on a timely basis.

176.    Denies  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the complaint regarding specific statements by APS employees and Ms. B.'s ability to obtain money from her son, and admits that APS pays the full amount of the rent from Ms B.'s SSI check.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the complaint as to whether Ms B runs out of money, and affirmatively states APS Financial Management Unit sends Ms B. her SSI benefits regularly between the 8th and 10th of each month.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the  allegations set forth in paragraph "178" of the complaint regarding the specifics of what was said by  APS employees, and as to Ms. B.'s attempts to contact APS staff, and affirmatively states that APS applied for food stamps on Ms. B.'s behalf in June, 2006.

179.    Denies the allegations set forth in paragraph "179" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding a letter Ms. B. received,  and affirmatively states that APS applied for food stamps on Ms. B.'s behalf in June, 2006.

180.    Denies the allegations set forth in paragraph "180" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. B's going to a food pantry or borrowing money, and affirmatively states that APS purchased food for Ms. B. on several occasions, and  applied for food stamps on Ms. B.'s behalf in June, 2006.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the complaint, except admits an APS caseworker visited Ms B. in February, 2007.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the complaint, except admits APS applied for Food Stamps for Ms. B.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint except admits APS applied for Food Stamps for Ms. B.

184.    Denies the allegations set forth in paragraph "184" of the complaint and affirmatively states APS has recalculated Ms B.'s budget to incorporate the increase in SSI benefits.

185.    Denies the allegations set forth in paragraph "185" of the complaint.

186.    Admits the allegations set forth in paragraph "186" of the complaint.

187.    Denies the allegations set forth in paragraph "187" of the complaint and affirmatively states that Ms. Curran has, in addition, assets in a savings account.

188.    Admits the allegations set forth in paragraph "188" of the complaint, except denies knowledge or information regarding the cause of Ms. Curran's disorders, and affirmatively states that Ms. Curran's primary diagnosis is alcohol dependence.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the complaint.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the complaint and affirmatively states that Ms. Curran is able to leave her apartment, shop for groceries, and take public transportation.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the complaint, except affirmatively states that APS has referred Ms. Curran for regular medical treatment at Richmond University Hospital Center.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the complaint, except admits Ms. Curran's landlord initiated a holdover proceeding in Housing Court.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the complaint.

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the complaint, except affirmatively states that Ms. Curran was referred to APS on October 11, 2006, by Housing Court.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the complaint, and affirmatively states that APS had requested a psychiatric evaluation to evaluate Ms. Curran's need for a GAL.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the complaint regarding statements made by unidentified APS employees, except affirmatively states that APS had requested a psychiatric evaluation of Ms. Curran's need for a GAL.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the complaint, and affirmatively states that the APS service plan for Ms. Curran included a psychiatric referral.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the complaint regarding what the APS worker and the psychiatrist said to Ms. Curran, and affirmatively states that the psychiatric evaluation of Ms. Curran arranged by APS indicated she did not need a GAL.

202.    Denies the allegations set forth in paragraph "202" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Ms. Curran said or asked or what the psychiatrist said to her.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the complaint and affirmatively states that the psychiatric evaluation arranged by APS indicated Ms. Curran did not require involuntary services.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the complaint regarding what unidentified APS employees said to Ms. Gilman, except admits Ms. Gilman contacted APS and affirmatively states that APS actively worked with Ms. Curran to secure alternative housing.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the complaint regarding what unidentified APS employees said to Ms. Gilman, except admits an APS caseworker discussed shared housing with Ms. Curran, applied for NYC public housing on her behalf, and was prepared to assist Ms. Curran to an emergency shelter if she was evicted.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the complaint regarding the specifics of what was said to Ms. Gilman by unidentified APS employees, and affirmatively states that APS offered Ms. Curran numerous housing alternatives, all of which she rejected.

209.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the complaint regarding Ms. Curran's

landlord's actions, and affirmatively states that paragraph "209" of the complaint contains no other allegation of fact.

210.    Denies the allegations set forth in paragraph "210" of the complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the complaint, except affirmatively states APS confirmed that Ms. Curran has an active Section 8 application and that APS continues to inform Ms. Curran about affordable housing alternatives.

212.    Paragraph "212" of the complaint consists of conclusory allegations; to the extent a response is required, the City Defendant denies the allegations therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Curran's previous experience in a shelter, or her feelings.

213.    Denies the allegations set forth in paragraph "213" of the complaint, and affirmatively states that Ms. Curran was evaluated as being capable of managing her own care and that APS has assisted with medical referrals.

214.    Denies the allegations set forth in paragraph "214" of the complaint, and affirmatively states that the APS evaluation does not indicate Ms. Curran is in need of homemaking services.

215.    Denies the allegations set forth in paragraph "215" of the complaint.

216.    Denies the allegations set forth in paragraph "216" of the complaint, and affirmatively states that APS maintains regular contact with Ms. Curran.

217.    Admits the allegations set forth in paragraph "217" of the complaint.

218.    Admits the allegations set forth in paragraph "218" of the complaint.

219.    Denies the allegations set forth in paragraph "219" of the complaint, and respectfully refers the Court to 18 NYCRR § 457.1(c), for a complete and accurate statement of the characteristics of APS clients.

220.    Denies the allegations set forth in paragraph "220" of the complaint.

221.    Denies the allegations set forth in paragraph "221" of the complaint.

222.    Denies the allegations set forth in paragraph "222" of the complaint.

223.    Denies the allegations set forth in paragraph "223" of the complaint.

224.    Denies the allegations set forth in paragraph "224" of the complaint.

225.    Denies the allegations set forth in paragraph "225" of the complaint.

226.    To the extent the allegations set forth in paragraph "226" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

227.    The allegations in paragraph "227" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

228.    To the extent the allegations set forth in paragraph "228" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

229.    Denies the allegations set forth in paragraph "229" of the complaint.

230.    Denies the allegations set forth in paragraph "230" of the complaint.

231.    To the extent the allegations set forth in paragraph "231" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

232.    Denies the allegations set forth in paragraph "232" of the complaint.

233.    Denies the allegations set forth in paragraph "233" of the complaint.

234.    The allegations in paragraph "234" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

235.    To the extent the allegations set forth in paragraph "235" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the complaint.

238.    To the extent the allegations in paragraph "238" of the complaint refer to the City Defendant, the City Defendant denies the allegations therein.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the complaint.

241.    Denies the allegations set forth in paragraph "241" of the complaint.

242.    Denies the allegations set forth in paragraph "242" of the complaint.

243.    To the extent the allegations set forth in paragraph "243" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

244.    To the extent the allegations set forth in paragraph "244" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

245.    Denies the allegations set forth in paragraph "245" of the complaint.

246.    Denies the allegations set forth in paragraph "246" of the complaint.

247.    Denies the allegations set forth in paragraph "247" of the complaint.

248.    The allegations in paragraph "248" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

249.    To the extent the allegations set forth in paragraph "249" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

250.    To the extent the allegations set forth in paragraph "250" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

251.    To the extent the allegations set forth in paragraph "251" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

252.    To the extent the allegations set forth in paragraph "252" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

253.    To the extent the allegations set forth in paragraph "253" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

254.    The allegations in paragraph "254" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

255.    To the extent the allegations set forth in paragraph "255" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

256.    The allegations in paragraph "256" do not refer to the City Defendant; to the extent a response is required, municipal defendant denies the allegations therein.

257.    To the extent the allegations set forth in paragraph "257" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

258.    The allegations in paragraph "258" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

259.    The allegations in paragraph "259" do not refer to the City Defendant; to the extent a response is required, City Defendant denies the allegations therein.

260.   To the extent the allegations set forth in paragraph "260" of the complaint refer to the City Defendant, City Defendant denies the allegations therein

261.   To the extent the allegations set forth in paragraph "261" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

262.   To the extent the allegations set forth in paragraph "262" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

263.   To the extent the allegations set forth in paragraph "263" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

264.   To the extent the allegations set forth in paragraph "264" of the complaint refer to the City Defendant, City Defendant denies the allegations therein.

### FOR A FIRST DEFENSE:

265.   The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

266.   The City Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A THIRD DEFENSE:

267.    At all times relevant to the acts alleged in the complaint, the City Defendant acted reasonably, properly, lawfully and in good faith.

### FOR A FOURTH DEFENSE:

268.   Plaintiffs failed to comply with New York General Municipal Law 50-e and no notice of claim has been filed.

**FOR A FIFTH DEFENSE:**

269.    Plaintiffs failed to exhaust the available administrative remedies.

**FOR A SIXTH DEFENSE:**

270.    Plaintiffs' claims are not ripe for adjudication.


**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              July 27, 2007


                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendant Robert Doar
                            100 Church Street, Room 2-182
                            New York, New York 10007
                            (212) 788-8119


                            By:    _____/s/_____
                                   JANICE SILVERBERG(JS4629)
                                   Assistant Corporation Counsel