UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| MATILDA BELOVIC, by her next friend, : | |
| SUELLEN TOZZI; GENEVIEVE C.; : | 07 – CIV – 2876 (LAP)(KNF) |
| MADELAINE ANDREWS; MARY B.; and : | |
| MAUREEN CURRAN, by her next friend, : | ECF CASE |
| SARAH T. GILLMAN, individually, and on : | |
| behalf of all others similarly situated, : | **PARTIES' JOINT** |
| : | **RULE 26(f) REPORT** |
| Plaintiffs, : | |
| : | |
| against : | |
| : | |
| ROBERT DOAR, as Commissioner of the New : | |
| York City Human Resources Administration; : | |
| GLADYS CARRION, as Commissioner of the : | |
| New York State Office of Children & Family : | |
| Services; DAVID HANSELL, as Acting : | |
| Commissioner of the New York State Office of : | |
| Temporary & Disability Assistance; and : | |
| RICHARD F. DAINES, as Acting Commissioner : | |
| of the New York State Department of Health, : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PROPOSED JOINT DISCOVERY PLAN AND ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs Matilda

Belovic, by her next friend, Suellen Tozzi; Genevieve C.; Madelaine Andrews; Mary B.; and

Maureen Curran, by her next friend, Sarah T. Gillman, individually, and on behalf of all others

similarly situated ("Plaintiffs") and Defendants Robert Doar, Commissioner of the New York

City Human Resources Administration ("City Defendant")  and Gladys Carrion, Commissioner

of the New York State Office of Children & Family Services; David Hansell, Commissioner of

the New York State Office of Temporary & Disability Assistance; and Richard F. Daines,

Commissioner of the New York State Department of Health (collectively known as "State

Defendants") hereby respectfully submit the following report to the Court.

1.  **Initial Disclosures**

   The parties have agreed that initial disclosures of Plaintiffs and City Defendant will be

exchanged by email and served by U.S. Mail on or before August 28, 2007 and that initial

disclosures of State Defendants will be delivered by email and served by U.S. Mail on or before

September 5, 2007.

2.  **Discovery Subjects**

   Discovery may be conducted on all matters relevant to the subject matter of the action,

and to the claims and defenses of the parties.

3.  **Discovery Plan**

   The parties propose to the Court the following discovery plan:

   a.   Plaintiffs will serve their first set of document requests and interrogatories on City
        and State Defendants by email and U.S. Mail on or before September 14, 2007.
        City and State Defendants shall have 30 days from the date of service to submit
        their responses and objections.

   b.   City and State Defendants will serve their first set of document requests and
        interrogatories on Plaintiffs by email and U.S. Mail on or before October 1, 2007.
        Plaintiffs shall have 30 days from the date of service to submit their responses and
        objections.

   c.   Fact discovery will be concluded by March 31, 2008.

   d.   The parties have discussed the following change to the limitations on the number
        of depositions of fact witnesses under Rules 30 and 31 of the Federal Rules of
        Civil Procedure:

        1.   Plaintiffs propose that each party shall have no less than 150 hours of
             deposition testimony.

        2.   City and State Defendants will consider some increase in the number of
             hours of deposition testimony, but believe that at this time a specific
             agreement addressing additional numbers of witnesses or time allotted is
             premature.  Defendants suggest that the parties first exchange document
             discovery and then discuss specifically what deposition testimony each
             side believes is necessary before addressing the issue of whether or not
             additional hours for depositions will be necessary.

e.    Expert reports, if any, shall be produced by April 15, 2008.  Expert rebuttal reports, if any, shall be produced by May 30, 2008.

f.    Expert discovery will close on June 30, 2008.

4.    **Electronically Stored Information**

Plaintiffs propose that electronically stored information ("ESI") be produced in its native format because that is the form in which the ESI is ordinarily maintained, and because production in native format ensures that all metadata is preserved along with each document or file, and requires no conversion, processing or imaging of any kind by the producing party.

City and State Defendants believe that a decision about producing ESI in its native format is premature at this stage, as they are still identifying relevant ESI.  Furthermore, Defendants believe that Plaintiffs have not articulated a legitimate reason for seeking ESI in its native format with respect to any specific document request.

The parties will continue to discuss the appropriate method of production of ESI.

5.    **Method of Document Production**

Plaintiffs propose that all documents produced be scanned to 300dpi Group IV .tiff format, and all documents be provided with Optical Character Recognition ("OCR") text. Plaintiffs also propose that all documents shall be produced on CD/DVD or portable hard disk.

City Defendant proposes that once Plaintiffs serves City Defendant with their document requests, City Defendant will evaluate the cost of such a production and produce documents in a format that is most cost effective for City Defendant. State Defendants concur with the City Defendant's approach and would apply it with respect to State Defendants' production.

The parties will continue to discuss the appropriate method of document production.

6.    **Settlement Discussions/Procedures**

The parties have discussed the possibility of settlement and have concluded that

discovery is necessary before they are able to consider the possibility of settlement.


Dated: August 29, 2007

                              NEW YORK LEGAL ASSISTANCE GROUP
                              YISREOL SCHULMAN, ESQ.


                              By: _____/S_____
                              Jane Greengold Stevens, of counsel (JS 4790)
                              Sabrina Tavi, of counsel (ST 2781)
                              Caroline Hickey, of counsel (CH 1410)
                              450 West 33rd Street, 11th Floor
                              New York, New York 10001
                              Tel:  (212) 613-5000


                                        -and-


                              PROSKAUER ROSE LLP


                              By:_____
                              Claire P. Gutekunst (CG 0117)
                              Michael Mervis (MM 0306)
                              Peter S. Casalino (PC 2999)
                              Elizabeth Figueira (EF 7170)
                              1585 Broadway
                              New York, NY  10036-8299
                              Phone: (212) 969-3000


                              *Attorneys for Plaintiffs*

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York


                              By: _____S/_____
                              Kimberly Conway (KC1036)
                              Janice Casey Silverberg (JS4629)
                              Assistant Corporation Counsels
                              100 Church St.
                              New York, NY 10007
                              Phone: (212) 788-0865


                              *Attorneys for City Defendant*

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorneys for Defendants Carrión, Hansell, and Daines*

By:_____S/_____
George Alvarez
 Ivan B. Rubin
Assistant Attorneys General
120 Broadway
New York, New York 10271
(212) 416-8663 (GA)
(212) 416-6046 (IR)

SO ORDERED:

_____
Hon. Loretta A. Preska
United States District Court Judge

Dated: New York, NY

_____, 2007