

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C ;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

      Plaintiffs,

  against

ROBERT DOAR, as Commissioner of the New
York City Human Resources Administration;
GLADYS CARRION, as Commissioner of the
New York State Office of Children & Family
Services; DAVID HANSELL, as Acting
Commissioner of the New York State Office of
Temporary & Disability Assistance; and
RICHARD F. DAINES, as Acting Commissioner
of the New York State Department of Health,

      Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 – CIV – 2876 (LAP)(KNF)

ECF CASE

**STIPULATION AND ORDER**

The parties, by their undersigned attorneys, hereby stipulate and agree as follows:

1. Plaintiffs have agreed to withdraw their requests numbered 37, 38, 39, 40 in Plaintiffs' First Request to City Defendant for Production of Documents Concerning Class Certification Issues served on November 2, 2007 ("Class Certification Requests") on the basis that Defendants have agreed that they will not object to class certification or argue that Plaintiffs have failed to satisfy any of the requirements for class certification set forth in Rule 23(a) or (b) of the Federal Rules of Civil Procedure on the basis that Plaintiffs have failed to submit evidence concerning any specific individuals other than the five named plaintiffs and the individuals

named in Request Number 36 or statistically significant evidence to demonstrate that they have met their burden of satisfying the requirements of Rule 23(a) or (b)

2. Plaintiffs have agreed to withdraw their requests numbered 2, 7, 9, 11, 13, 16, 34, 39 and 40 in their Class Certification Requests on the basis that Defendants have agreed that they will not object to class certification or argue that Plaintiffs have failed to satisfy any of the requirements for class certification set forth in Rule 23(a) or (b) of the Federal Rules of Civil Procedure, based on Plaintiffs' allegations concerning non-APS divisions of HRA or Plaintiffs' not submitting evidence concerning those divisions.

3. Plaintiffs have agreed to modify Request Number 36 in their Class Certification Requests to read as follows: "To the extent not already produced, APS case files of the Named Plaintiffs and the following individuals for whom Plaintiffs' counsel have sought individual relief in connection with this action: Orlene Alexander, Mireya Barinas, Tansy Horn, Sen Lawson, Victor Lopez and Andrew Thomas." Notwithstanding Plaintiffs' position that City Defendant does not need HIPAA authorizations to produce APS case files in this action, Plaintiffs have agreed to provide to City Defendant a HIPAA authorization for each of the Named Plaintiffs and the individuals listed in the preceding sentence.

4. City Defendant has agreed to produce documents responsive to requests numbered 1, 4, 5, 6, 8, 10, 12, 14, 15, 17, 18, 19, 21, 22, 23, 26, 28, 29, 31, 32, 35, 36 (as revised in paragraph 3 above) and 41 of the Class Certification Requests, on a rolling basis as they are gathered and in no event later than December 7, 2007.

5. City Defendant shall produce non-privileged documents responsive to requests numbered 3, 20, 24, 27, 30 and 33 in the Class Certification Requests, except for those

documents or portions of documents that relate solely to proposed or future changes, on a rolling basis as they are gathered and in no event later than December 31, 2007.

6.  On or before December 14, 2007, City Defendant shall produce documents responsive to Request Number 25 in the Class Certification Requests, only to the extent that those documents are or concern complaints about the provision of any adult protective services by APS, Contract Agencies and/or Vendors that have been centrally logged and/or have been sent or forwarded to HRA Deputy Commissioner Lin Saberski.

7.  City Defendant shall serve its written responses and objections to the Class Certification Requests on or before December 31, 2007.

8.  City Defendant shall produce a log of any documents or portions of documents withheld from production based on any claim of privilege, on or before December 31, 2007.

9.  Plaintiffs have agreed to withdraw their requests numbered 1-7, 13-18 and 24 in Plaintiffs' First Request to State Defendants for Production of Documents, served on September 14, 2007 ("Plaintiffs' Requests to State Defendants"), and to revise Request Number 23 to read as follows: "All documents that you intend to rely upon in your opposition to Plaintiffs' Motion for Class Certification."

10. State Defendants have agreed to produce documents responsive to requests numbered 8-12 and 19-23 in Plaintiffs' Request to State Defendants (as revised in paragraph 9 above), on a rolling basis as they are gathered and in no event later than December 14, 2007. State Defendant also shall serve its written responses and objections to Plaintiffs' First Requests to State Defendants for Production of Documents, and the State's privilege log, on or before December 14, 2007.

11.   Plaintiffs shall inform Defendants by January 25, 2008, whether they need supplemental discovery concerning class certification issues.

12.   Nothing in this Stipulation and Order shall constitute a waiver of Plaintiffs' obligation to meet their burden under Rule 23(a) or (b) of the Federal Rules of Civil Procedure

13   This Stipulation and Order applies only to the class certification phase of this action and shall have no effect on any party's right to request any discovery or make any argument or objection (other than to class certification) in the merits phase of this action.

14.   Electronic or faxed copies of signatures on this Stipulation and Order shall have the same force and effect as original signatures.

Dated: December 3, 2007

NEW YORK LEGAL ASSISTANCE GROUP
YISROEL SCHULMAN, ESQ.

By: _____
Jane Greengold Stevens, of counsel
Jason Parkin, of counsel
Michael D. Sant'Ambrogio, of counsel
450 West 33rd Street
New York, NY 10001-2603
Phone: (212) 613-5000
Fax:   (212) 750-0820

- and -

PROSKAUER ROSE LLP

By: _Claire P. Gutekunst_
Claire P. Gutekunst
Karen E. Clarke
Elizabeth Figueira
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
Fax:   (212) 969-2900

*Attorneys for Plaintiffs*

NEW YORK CITY LAW DEPARTMENT
OFFICE OF CORPORATION COUNSEL

By: _____
    Jane Tobey Momo
    Janice Casey Silverberg
100 Church St., Rm. 2-182
New York, NY 10007
Phone: (212) 788-8119
Fax:   (212) 788-0877
*Attorneys for City Defendant*

NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL

By: _____
    Ivan B. Rubin
    George A. Alvarez
120 Broadway, 24th Floor
New York, NY 10271
Phone: (212) 416-6046
Fax:   (212) 416-6077
*Attorneys for State Defendants*

SO ORDERED:

December 7, 2007

_____
Hon. Loretta A. Preska
United States District Court Judge