USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C.;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

                      Plaintiffs,

-against-

ROBERT DOAR, as Commissioner of the New
York City Human Resources Administration;
GLADYS CARRION, as Commissioner of the
New York State Office of Children & Family
Services; DAVID HANSELL, as Acting
Commissioner of the New York State Office of
Temporary & Disability Assistance; and
RICHARD F. DAINES, as Acting Commissioner
of the New York State Department of Health,

                      Defendants.

----------------------------------------------------------------X

**CONFIDENTIALITY STIPULATION AND ORDER**

07 Civ. 2876 (LAP)(KNF)

      WHEREAS, on April 10, 2007 Plaintiffs Matilda Belovic, by her next friend Suellen Tozzi, et al, filed this action against Robert Doar, as Commissioner of the New York City Human Resources Administration, Gladys Carrion, as Commissioner of the New York State Office of Children & Family Services, David Hansell, as Commissioner of the New York State Office of Temporary & Disability Assistance, and Richard F. Daines, as Commissioner of the New York State Department of Health ("Party" or "Parties");

      WHEREAS, the Parties now desire to enter into a Confidentiality Order that governs the handling of all confidential information produced or disclosed in the lawsuit ("Confidential Information").

Returned to chambers for scanning on 4-11-08
Scanned by chambers on 4/14/08

MICROFILMED  APR 11 2008 -9:00 AM

IT IS NOW, HEREBY STIPULATED AND AGREED, by, between, and among the Parties to this action, and ordered by the Court, as follows:

1. Any Party may designate documents produced or disclosed in this action "Confidential Information" by writing on the document containing such information: "CONFIDENTIAL".

2. All files of individual APS clients will be considered "CONFIDENTIAL" and subject to the provisions of this Stipulation and Order. It shall not be necessary for Defendants to mark individual pages of client files as CONFIDENTIAL as long as Defendants produce such documents with a list of the Bates numbers considered to be included in each file. Defendants shall inform Plaintiffs, within 15 business days after this Stipulation is So Ordered of the Bates numbers of all pages in client files already produced.

3. As set forth below, the Parties shall not disclose any Confidential Information to any persons except the "Qualified Persons" listed in paragraph 4 below, and then only for purposes of litigating this case, unless the Court orders otherwise pursuant to paragraph 7 below.

4. As used herein, "Qualified Persons" shall mean:

    a. attorneys of record in this action, including associate attorneys, legal assistants, and clerical personnel;

    b. any experts retained for consulting purposes or for appearance at trial;

    c. the Parties to this action and their subordinate employees, except that individually named plaintiffs, putative class members who have provided acceptable releases to defendant Doar, and, in the event that a class of plaintiffs is certified, class members, will not have access to any confidential information, except for confidential information contained in APS and/or HRA files related to themselves, and except to the extent necessary as a witness pursuant to paragraph 4d and/or 4e below;

    d. a witness to whom the disclosure of such Confidential Information is necessary to prepare that witness to provide testimony in this action;

    e. a witness at a deposition, and the reporter(s) recording the deposition, to whom the disclosure of such Confidential Information is necessary to elicit all discoverable information in such witness's possession; and

    f. the Court and the Court's law clerks, secretary, and administrative personnel, including court reporters.

5. Any Qualified Persons to whom disclosure is made under paragraph 3 above shall be bound by the terms of this Order, and the Party to this action who discloses Confidential Information to non-parties shall be responsible for so advising such persons in writing and for providing them with a copy of this Order.

6. The inadvertent production of Confidential Information without appropriate designation of confidentiality shall not be deemed a waiver of any claim of the confidential nature of any such information. Upon receiving reasonable notice from the Party producing

3

Confidential Information that has not been appropriately designated, all such information shall be re-designated promptly and treated appropriately.

7. Any Party who believes that another Party has designated information "Confidential" that is not entitled to such protection may write a letter to the designating Party asking that the confidentiality designation be removed or modified and explaining the reason(s) why the challenging Party does not believe the information is entitled to the designated protection. The designating Party shall have 10 business days in which to respond to the challenging Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the designating Party believes the confidentiality designation is proper. If the designating Party does not respond or refuses to remove or modify the confidentiality designation, the challenging Party may seek relief from the Court.

8. Transcripts of any portions of deposition testimony that disclose Confidential Information, together with any exhibits to the deposition that disclose Confidential Information, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such separately bound transcripts and exhibits shall be deemed to be Confidential Information subject to the provisions of this Stipulation and Order.

9. Within 30 days after the expiration of the time to appeal the final disposition in this action, each Party shall ensure that all Confidential Information obtained subject to this Order has been destroyed (with an exception for copies of documents containing Confidential Information filed with the Court in this action) and shall confirm such destruction in writing.

10. Electronic or faxed copies of signatures on this Confidentiality Stipulation and Order shall have the same force and effect as original signatures.

Dated: April 2, 2008
New York, New York

NEW YORK LEGAL ASSISTANCE GROUP
YISROEL SCHULMAN, ESQ.

By: _____
Jane Greengold Stevens, of counsel
Michael Sant'Ambrogio, of counsel
450 West 33rd Street, 11th Floor
New York, New York 10001
Tel: (212) 613-5000

—and—

PROSKAUER ROSE LLP

By: Claire P. Gutekunst
Claire P. Gutekunst
Erin C. Durba
Elizabeth A. Figueira
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000

*Attorneys for Plaintiffs*

JEFFREY D. FRIEDLANDER
Acting Corporation Counsel of the City of New York

By: _____
Stephen Kitzinger
Steven D. Weber
Assistant Corporation Counsels
100 Church St.
New York, NY 10007
Phone: (212) 788-0849

*Attorney for Commissioner Robert Doar*

5

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorneys for Defendants Carrión, Hansell, and Daines*

By: _____
Robert L. Kraft
Ivan B. Rubin
Assistant Attorneys General
120 Broadway
New York, New York 10271
(212) 416-8632


SO ORDERED:

*[signature]*

Hon. Loretta A. Preska
United States District Court Judge


Dated: New York, NY
     April 10, 2008