UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

MATILDA BELOVIC, by her next friend,
SUELLEN TOZZI; GENEVIEVE C.;
MADELAINE ANDREWS; MARY B.; and
MAUREEN CURRAN, by her next friend,
SARAH T. GILLMAN, individually, and on
behalf of all others similarly situated,

                    Plaintiffs,

        -against-

ROBERT DOAR, as Commissioner of the New
York City Human Resources Administration;
GLADYS CARRION, as Commissioner of the
New York State Office of Children & Family
Services; DAVID HANSELL, as Acting
Commissioner of the New York State Office of
Temporary & Disability Assistance; and
RICHARD F. DAINES, as Acting Commissioner
of the New York State Department of Health,

                    Defendants.

----------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/08

07-CIV-2876 (LAP)(KNF)

ECF CASE

**Order**

      WHEREAS, Plaintiffs served their First Request to City Defendant for Production of Documents Concerning Class Certification Issues on November 2, 2007 ("Class Certification Requests");

      WHEREAS, the parties signed a Stipulation on December 3, 2007, which was So Ordered by the Court on December 7, 2007 ("December 7 Order") modifying the class certification requests;

      WHEREAS, Plaintiffs and Defendant Doar agreed upon a preliminary schedule for electronic discovery through April 21, 2008, which was So Ordered by the Court on April 2, 2008;

      WHEREAS, Plaintiffs and Defendant Doar have agreed upon search criteria for electronic discovery;

IT IS NOW ORDERED THAT:

1. No later than April 25, 2008, Plaintiffs and Defendant Doar shall agree upon a date by which Defendant Doar shall complete production of all non-privileged electronic discovery regarding four agreed upon custodians (Lin Saberski, Maureen Dorsey, Thomas Stanton, and Wayne Nicholson)("First Set of Custodians").

2. No later than May 9, 2008, Defendant Doar shall produce the first installment of a rolling production of non-privileged electronic discovery responsive to Plaintiffs' Class Certification Requests using the parties' agreed upon list of search criteria.

3. No later than May 15, 2008, Plaintiffs and Defendant Doar shall agree upon a date by which Defendant Doar shall a) complete his entire production of all non-privileged electronic discovery, including all non-privileged electronic discovery regarding additional custodians, including, to the extent that the position was filled during the relevant time period and that such data is still accessible: Director of Client Services, Director of Support Services, Director of APS Contracts, Deputy Director (Support Services), Director of Training, Director of Procedures, Directors of Borough Offices, Deputy Directors of Borough Offices, Director of Financial Management Unit, Director of Quality Management and Supervisor of Housing Court Unit ("Second Set of Custodians"), and b) produce his privilege log for the electronic discovery.

4. No later than 30 days after the completion of Defendant Doar's entire production of all non-privileged electronic discovery concerning class certification, Plaintiffs shall inform Defendants whether Plaintiffs need supplemental discovery concerning class certification issues and shall serve additional discovery requests concerning class certification issues, if any.

5. Defendant Doar shall produce all electronic discovery in Concordance-compatible TIFF format on CD or DVD. Defendant Doar shall also produce all spreadsheet and database files in native format on CD or DVD.

6. This Order applies only to the class certification discovery phase of this action.

2

7. If Plaintiffs and City Defendant are unable to agree upon production dates in accordance with paragraphs 1 and 3 of this Order, the parties are instructed to request a conference with the Court.

SO ORDERED:

*April 23*, 2008

*Loretta A. Preska*

Hon. Loretta A. Preska
United States District Court Judge

3